UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-80938-DIMITROULEAS/MATTHEWMAN

JERMAINE TURNER,

    Plaintiff,

v.

TRANS UNION, LLC, et al.

    Defendants.



FILED BY ___ D.C.

OCT 1 1 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND THE COURT'S ORDERS AND TO ADJOURN THE DEADLINE FOR PAYING TRANS UNION'S COSTS AND ATTORNEY'S FEES [DE 53] AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION RECOMMENDING THAT THE COURT'S ORDER [DE 52] REMAIN IN EFFECT

**THIS CAUSE** is before the Court upon Plaintiff Jermaine Turner's ("Plaintiff") Motion to Amend This Court's Orders (Doc #47, 48, 50, 51) and to Adjourn the Deadline for Paying Trans Union's Costs and Attorney's Fees ("Motion") [DE 53]. This matter was referred to the undersigned by United States District Judge William P. Dimitrouleas. *See* DE 57. Defendant, Trans Union, LLC ("Defendant") has filed a Response [DE 59], and Plaintiff has filed a Reply [DE 60]. The matter is now ripe for review.

### I. BACKGROUND

The background and facts of this case have been extensively detailed in the Court's prior Orders [DEs 33, 35, 39, 41, 47, 50], the Magistrate Judge's Report and Recommendation [DE 48], and the Order approving and adopting the Magistrate Judge's Report and Recommendation [DE 51]. The Court assumes the reader's familiarity with the prior filings and, therefore, only

1

briefly summarizes those prior rulings below. In what should have been a simple Fair Credit Reporting Act ("FCRA") case, poor representation by Plaintiff's counsel, a lack of personal responsibility by Plaintiff's counsel, and Plaintiff's failure to participate in discovery have unnecessarily frustrated and delayed this case, thereby greatly taxing the Court's time and resources.

## II. THE COURT'S JULY 26, 2019 AND AUGUST 13, 2019 ORDERS

In its July 26, 2019 Order, the Court made a finding that both Plaintiff and his counsel, Timothy Dave, Esq., had engaged in bad faith, vexatious, and wanton conduct. [DE 47, p. 7]. The Court imposed reasonable attorney's fees and costs against Plaintiff and his counsel, Mr. Dave, and in favor of Defendant pursuant to Federal Rules of Civil Procedure 37(a)(5)(A), 37(b)(2)(C), and 37(d)(3). *Id.* at pp. 7-8.

On August 13, 2019, the Court entered an Order Awarding Attorney's Fees and Costs after Defendant filed Declarations in Support of Award of Attorney's Fees and Costs. [DE 50]. Plaintiff failed to timely respond or object to the hourly rate claimed by Defendant's counsel or the number of hours incurred by Defendant's counsel. *Id.* at p. 1. The Court required Plaintiff and Plaintiff's counsel, Mr. Dave, to pay attorney's fees and costs in the total amount of $5,866.60 on or before August 30, 2019. *Id.* at pp. 7-8.

## III. THE JULY 29, 2019 REPORT AND RECOMMENDATION AND AUGUST 14, 2019 ORDER ADOPTING THE REPORT AND RECOMMENDATION

In the July 29, 2019 Magistrate Judge's Report and Recommendation, the undersigned recommended that the case be dismissed with prejudice under Rule 37 and the inherent power of the Court due to Plaintiff's willful misconduct and the bad faith conduct of Plaintiff and Plaintiff's counsel, Mr. Dave. [DE 48, p. 10]. On August 14, 2019, the Honorable William P.

2

Dimitrouleas, United States District Judge, adopted and approved the Report and Recommendation and dismissed with prejudice Plaintiff's claims against Defendant Trans Union, LLC. [DE 51, p. 2].

### IV. <u>THE PENDING MOTION, RESPONSE, AND REPLY</u>

Although Mr. Dave is currently listed as an attorney of record for Plaintiff in this case, attorney Alan Ginsberg, Esq., has recently filed a Notice of Appearance on behalf of Plaintiff dated September 4, 2019. [DE 55]. Mr. Ginsberg's Notice of Appearance was filed on September 4, 2019, well after Plaintiff's case against Defendant was dismissed with prejudice by Order dated August 14, 2019. [DE 55][1]. Mr. Ginsberg is the attorney who filed the pending Motion to Amend [DE 53] on Plaintiff's behalf.

In the Motion, Plaintiff moves the Court, pursuant to Rule 60(b), to amend two of its prior Orders [DEs 47, 50] by requiring only Mr. Dave, and not Plaintiff, to pay the court-ordered sanctions to Defendant. [DE 53, p. 1]. Plaintiff also requests that the Court "adjourn the deadline for making any payment to Trans Union until at least fourteen (14) days after this Court rules on the instant motion if this Court otherwise denies the instant motion." *Id.* Finally, Plaintiff requests that the Court "vacate the orders dismissing Plaintiff's claims against Trans Union (Doc #48, 51) and allow Plaintiff to pursue those claims." *Id.*

According to the Motion, Plaintiff retained Credit Repair Lawyers of America ("CLRA") to represent him in this case, and CRLA retained Mr. Dave "as CRLA does not employee [sic] an attorney licensed to practice in this jurisdiction." [DE 53, p. 6]. Plaintiff maintains that Mr. Dave "never informed Plaintiff or CRLA" about the events that occurred in this case and that

---

[1] This is the fourth attorney who has appeared in this case to represent Plaintiff. The four attorneys listed on the docket are John Andrew Braithwaite (terminated September 27, 2018), Tennille M. Shipwash (terminated December 11, 2018), Timothy Lamont Dave (still listed as active), and Mr. Ginsberg.

3

Mr. Dave "has never contacted Plaintiff, including to obtain Plaintiff's signed and notarized discovery responses." *Id.* The Motion states that "CRLA prepared drafts of Plaintiff's responses [to] Trans Union's discovery requests and sent them to Mr. Dave to review. Neither Plaintiff nor CRLA knew that Mr. Dave failed to timely serve Plaintiff's discovery responses to Trans Union, because Mr. Dave never informed Plaintiff or CRLA of that fact." *Id.* Plaintiff represents that Mr. Dave has not contacted CRLA about this case since June 6, 2019, which is prior to Defendant's filing of its motion to compel, and Mr. Dave failed to respond when CRLA contacted him. *Id.*

Attached to the Motion is the Declaration of Jermaine Turner [DE 53-1], in which Plaintiff states that he retained CRLA to represent him, that Mr. Dave never contacted him, and that he did not know about the failure to respond to discovery, the failure to respond to Defendant's motion to compel, the evidentiary hearing, or the ensuing Orders. *Id.* at pp. 1-2. Also attached to the Motion is the Declaration of Gary D. Nitzkin [DE 53-2]. Mr. Nitzkin is the owner and president of CRLA. *Id.* at ¶ 1. Mr. Nitzkin avers that CRLA retained Mr. Dave, and CRLA drafted Plaintiff's discovery responses and sent them to Mr. Dave to review. *Id.* at ¶¶ 4, 6. According to Mr. Nitzkin, Mr. Dave stopped communicating with CRLA after June 6, 2019. *Id.* at ¶ 10.

In its Response, Defendant argues that the factual history of this case does not support Plaintiff's request for relief under Rule 60. [DE 59, p. 2]. According to Defendant, its counsel emailed both Mr. Dave and CRLA on multiple occasions about Plaintiff's missing discovery responses, and a CRLA paralegal even responded to an email, stating that she had informed Mr. Nitzkin of the issue. *Id.* at p. 3. Defendant argues that "CRLA was clearly involved in the events

that resulted in the sanctions eventually awarded by this Court. To now claim that Plaintiff and CRLA were kept in the dark by Mr. Dave is simply not supported by the facts." *Id.* at p. 4. Defendant also contends that Plaintiff's Motion should be denied because Plaintiff has failed to provide evidence of his own diligence in this case. *Id.* at p. 6. Finally, Defendant argues that it would be unfairly prejudiced if the Motion is granted. *Id.* at p. 7.

Attached to Defendant's Response is the Declaration of James Acosta, Esq., Defendant's counsel. [DE 59-1]. Mr. Acosta has provided several relevant emails.

In his Reply, Plaintiff asserts that, in its Response, Defendant opted not to object to Plaintiff's request for extra time to pay the sanctions award if his Motion is denied. [DE 60, p. 1]. Plaintiff next argues that the emails attached to the Response do not show that Plaintiff or CRLA knew that Mr. Dave failed to timely respond to Defendant's discovery requests. *Id.* at p. 3. Plaintiff also points out that Mr. Dave stopped communicating with CRLA on June 6, 2019. *Id.* Finally, Plaintiff argues that Defendant has not established how it would be prejudiced if the relief sought were granted. *Id.*

## V. DISCUSSION AND ANALYSIS

In seeking reconsideration, Plaintiff is traveling under Federal Rule of Civil Procedure 60(b). [DE 53, p. 7]. Pursuant to this section of the Rule, the Court may grant relief from a judgment or order based upon "mistake, inadvertence, surprise, or excusable neglect; ... or any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1), (6). "The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Neelu Aviation, LLC v. Boca Aircraft Maint., LLC*, No. 18-CV-81445, 2019 WL 4345685, at *1 (S.D. Fla. Sept. 12, 2019) (quoting *Sloss Indus.*

*Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007)). "In ruling on a Rule 60(b)(1) motion, a district court must exercise its discretion 'in light of the balance that is struck by Rule 60(b) between the desideratum of finality and the demands of justice.'" *Hurtado v. Balerno Int'l Ltd.*, No. 17-62200-CIV, 2018 WL 4053122, at *3 (S.D. Fla. Aug. 24, 2018) (quoting *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 788 F.3d 1329, 1343 (11th Cir. 2015)).

Here, Plaintiff has not established mistake, inadvertence, surprise, excusable neglect, or any other reasons that justifies relief, and thus, reconsideration is not warranted. The crux of Plaintiff's argument in the Motion is that Plaintiff retained CLRA, that CLRA brought Mr. Dave on board, CLRA properly prepared discovery responses, and then that Mr. Dave went "AWOL", failed to serve the discovery responses upon Defendant, and failed to update Plaintiff and CLRA about the various Orders that were entered after Defendant filed its motion to compel. However, this argument does not hold water for several reasons, as discussed below.

The Court first notes that the Declarations of Gary Nitzkin, an attorney[2] and owner of president of CRLA, and Plaintiff both state that Plaintiff retained CRLA to represent Plaintiff in this lawsuit. [DE 53-1 at ¶¶ 204; DE 53-2 at ¶¶ 204]. Although CRLA also retained Mr. Dave to represent Plaintiff in this case, the fact remains that CRLA and attorney Nitzkin also represented Plaintiff from the outset, although they are not listed on the docket in this case and did not attempt to be admitted on a pro hac vice basis. Thus, CRLA and Mr. Nitzkin were ethically and professionally responsible for monitoring the case and ensuring that Plaintiff's obligations were fulfilled. CLRA and Mr. Nitzkin cannot agree to represent a client, bring on another attorney to assist, and then willfully turn a blind eye to the court proceedings. CRLA and Mr. Nitzkin seek to place all blame on Mr. Dave and ignore their own neglect and inattention. The Court flatly rejects

---

[2] Gary Nitzkin is an attorney licensed by the State Bar of Michigan.

this effort, especially by Michigan attorney Nitzkin who seeks to absolve himself and his company CRLA from all blame even though he was Plaintiff's attorney from the outset. When Plaintiff retained Mr. Nitzkin's company CRLA, Plaintiff also retained attorney Nitzkin and entered into an attorney-client relationship with Mr. Nitzkin. If Mr. Nitzkin had properly and ethically represented Plaintiff and properly supervised his client's case, as he is ethically required to do, this case would not be in its present unfortunate posture.

Second, although Gary Nitzkin states in his Declaration that CRLA was not aware of Plaintiff's failure to serve discovery responses or that Defendant filed a motion to compel [DE 53-2 at ¶¶ 8, 12], the Court has trouble believing that statement and doubts its candor. This is because Defendant's counsel emailed <u>both</u> Mr. Dave and CRLA in late May and early June of 2019 about the discovery dispute. [Ex. A-1 at DE 59-1]. Moreover, a paralegal at CRLA (Cindie Ianni) corresponded with Defendant's counsel on June 3, 2019, about the missing discovery responses. *Id.* Further, Defendant's counsel also sent correspondence on June 4, 2019, directly to Mr. Nitzkin about Defendant's motion to compel. *Id.* *Id.* Specifically, on June 3, 2019, paralegal Cindie Ianni at CRLA advised Defendant's counsel that she did not believe that Mr. Dave "is acting as our local counsel on this matter anymore", and she advised she had emailed Mr. Nitzkin requesting him to respond. *Id.* Before that, on May 28, 2019, Defendant's counsel emailed Ms. Ianni, a paralegal at CRLA, about the discovery dispute. *Id.* As a Michigan attorney, Mr. Nitzkin had an ethical and professional responsibility to supervise his paralegal. Thus, it is clear that CLRA and Mr. Nitzkin were well aware of—and involved in—Plaintiff's failure to produce timely discovery as ordered by the Court, as far back as May 28, 2019, yet CLRA and Mr. Nitzkin did nothing. Plaintiff, CRLA, and Mr. Nitzkin cannot blame all of the sanctionable conduct solely on

Mr. Dave. It was a joint neglect of ethical and professional duty owed to Plaintiff by CRLA, Mr. Nitzkin, and Mr. Dave.

Third, while CLRA claims that it prepared complete discovery responses to be served on Defendant by Mr. Dave, Mr. Dave stated at the evidentiary hearing held on July 24, 2019 that he had not received verified interrogatory responses or documents from CLRA or Plaintiff. Given that Mr. Dave offered to provide unverified interrogatory responses to Defendant's counsel, the Court finds Mr. Dave's version of what happened to be more credible than CLRA's version. Further, at the evidentiary hearing, Mr. Dave pointedly accused CLRA of not properly responding to his correspondence or communications and explained that Plaintiff's two prior counsel on the docket in this case (Mr. Shipwash and Mr. Braithwaite) had been smart to withdraw, given how difficult it was to work with CLRA. The Court is not impressed by the fact that CLRA and Mr. Nitzkin are pointing the finger of blame at Mr. Dave, and Mr. Dave is pointing the finger of blame back at CLRA. Putting the competing representations aside, CLRA, Mr. Nitzkin, and Mr. Dave all had a professional and ethical duty to properly and competently represent Plaintiff.[3]

Fourth, as discussed above, the relevant Magistrate Judge's Report and Recommendation and the relevant Orders were entered from June 21, 2019, to August 14, 2019—over almost a two-month period. Mr. Nitzkin and CRLA sat on their hands and did nothing while this litigation was ongoing, even though they were well aware of the discovery problems and Plaintiff's failure to provide discovery as ordered. An attorney cannot sit on his hands and then blame co-counsel or associated counsel when things go wrong in a case. Moreover, the fact that CRLA and Mr. Nitzkin

---

[3] To the extent Plaintiff believes that Mr. Nitzkin and CRLA breached their ethical and professional duties owed to him, Plaintiff may choose to file a Bar Complaint with the State Bar of Michigan; to the extent Plaintiff believes that Mr. Dave breached his ethical and professional duties owed to him, Plaintiff may file a complaint with The Florida Bar.

and his paralegal were aware of the discovery problems in this case establishes that Mr. Dave was not the only responsible party for the misconduct in this case.

Fifth, it would greatly prejudice Defendant if the Court were to amend its Orders and Magistrate Judge's Report and Recommendation. Defendant is entitled to finality in this case, which has been pending well over a year since July 16, 2018. Vacating the relevant orders would unnecessarily prolong and delay this litigation and cause Defendant to expend significant additional resources. It would also cause this Court to waste scarce judicial resources on a matter that has been fully and fairly decided. There must be finality in federal court. Plaintiff and his counsel were properly sanctioned for their willful, bad faith conduct during the discovery phase of this case. In sum, the Court finds that Plaintiff has not established any ground for reconsideration of the Court's Orders and the undersigned's Report and Recommendation.

Finally, to the extent the Motion argues that it is unfair to Plaintiff that he was monetarily sanctioned (jointly and severally along with Mr. Dave) and that his case against Defendant was dismissed with prejudice, the Supreme Court has explained that

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

*Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326). "[I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be

visiting the sins of plaintiff's lawyer upon the defendant." *Id.* at 634 n. 10.

Moreover, "Rule 37 allows the court to sanction attorneys for misconduct during discovery and vests the court with broad powers to apportion fault between the party and his or her attorney." *Reddy v. Bisaria*, No. 10-80725-CIV, 2012 WL 13018360, at *3 (S.D. Fla. Feb. 10, 2012) (citing *Devaney v. Continental American Ins. Co.*, 989 F.2d 1154, 1161-62 (11th Cir. 1993)). There is "no presumption of fault placed on either the client or the attorney." *Id.* In this specific case, Plaintiff is represented by CLRA and Mr. Nitzkin and was represented by two other attorneys (Mr. Shipwash and Mr. Braithwaite) and then by Mr. Dave, and now also by Mr. Ginsberg. The Court simply does not find it to be believable, credible or honest that neither CLRA, Mr. Nitzkin, nor any of the three attorneys (Mr. Shipwash. Mr. Braithwaite, and Mr. Dave) kept Plaintiff apprised of the status of his case. Further, Plaintiff chose to retain CLRA and attorney Nitzkin. CLRA had a paralegal working on Plaintiff's case and hired additional counsel, including Mr. Dave. Plaintiff also had an obligation to stay current in his federal case and stay in close contact with his counsel. The sins of CLRA, Mr. Nitzkin and Mr. Dave therefore fall on Plaintiff who could have changed counsel at any time in this case or taken a more active role in his case. Plaintiff has additional remedies available to him, including filing a lawsuit for legal or professional malpractice or other civil claims against any or all of the counsel in this case and/or CRLA if he has a good-faith basis to do so, filing a Bar Complaint against Mr. Dave, Mr. Nitzkin, or CLRA to the body that regulates licensed attorneys in the relevant states, Florida and Michigan, or taking further legal action.

## VI. CONCLUSION

In light of the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion to Amend This Court's Orders (Doc #47, 48, 50, 51) and to Adjourn the Deadline for Paying Trans Union's Costs and Attorney's Fees [DE 53] is **GRANTED IN PART AND DENIED IN PART**. The Motion is granted only to the extent that Defendant seeks fourteen (14) days after the date of this Order to pay the award of attorney's fees and costs. The Court will allow sufficient additional time for payment as specified below. The Motion is denied in all other respects.

2. Plaintiff, Jermaine Turner, and Plaintiff's counsel, Timothy Lamont Dave, Esq., are ORDERED to pay, and shall pay, Defendant, Trans Union, LLC, its attorney's fees and costs in the total amount of $5,866.60 on or before **October 31, 2019**. Payment shall be made to the trust account of Quintairos, Prieto, Wood & Boyer, P.A., and delivered or mailed to Frank G. Cosmen, Jr., Esq.

3. **PLAINTIFF, JERMAINE TURNER, AND PLAINTIFF'S COUNSEL, TIMOTHY LAMONT DAVE, ESQ., ARE HEREBY ADVISED THAT, IF THEY FAIL TO FULLY COMPLY WITH THIS ORDER AND FAIL TO PAY THE AWARD OF ATTORNEY'S FEES AND COSTS AS ORDERED BY THIS COURT, A JUDGMENT MAY BE ENTERED AGAINST THEM, JOINTLY AND SEVERALLY, CONTEMPT PROCEEDINGS MAY BE INSTITUTED AGAINST THEM, AND THEY MAY BE FOUND IN CONTEMPT OF COURT. ADDITIONALLY, FURTHER SANCTIONS MAY BE IMPOSED UPON THEM, INCLUDING BUT NOT LIMITED TO A FURTHER AWARD OF COSTS AND ATTORNEY'S FEES AND REFERRAL OF THIS MATTER TO THE BAR OF THIS COURT AND THE FLORIDA BAR.**

4. On or before **November 4, 2019**, Defendant's counsel shall advise the Court whether the payment has been made in full by Plaintiff and Plaintiff's counsel as directed in this Order. If payment has not been made in full, Defendant shall have leave to file a motion seeking appropriate further relief.

Further, the undersigned **RESPECTFULLY RECOMMENDS**, for the reasons stated above, that Plaintiff's Motion [DE 53] be DENIED to the extent that it seeks reconsideration of Judge Dimitrouleas' August 14, 2019 Order [DE 51] and, further, the undersigned **RESPECTFULLY RECOMMENDS** that the August 14, 2019 Order dismissing Plaintiff's claims with prejudice against Defendant Trans Union remain in full effect.

### NOTICE OF RIGHT TO OBJECT TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In light of the upcoming calendar call in this case scheduled for December 5, 2019, and in light of the other pretrial deadlines in this case, the Court finds it necessary and appropriate to shorten the time for any objections and response to seven (7) days pursuant to Southern District of Florida Magistrate Judge Rule 4(a). Accordingly, a party shall file written objections, if any, to this Report and Recommendation with United States District Judge William P. Dimitrouleas within seven (7) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C) and S.D. Fla. Mag. J. R. 4(a). Further, any response shall likewise be filed within seven (7) days of the date of the objections. *Id.* Failure to object to this Report and Recommendation within that time period waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. 11th Cir.R. 3-1.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of October, 2019.

*/s/ William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge